[Cite as *Gray v. Gillece-Black*, 2026-Ohio-2229.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

JOSEPH GRAY

    Petitioner

C.A. No.    26CA000012

    v.

WARDEN JENNIFER GILLECE-BLACK

ORIGINAL ACTION IN
HABEAS CORPUS

    Respondent

Dated: June 15, 2026

---

PER CURIAM.

{¶1} Joseph Gray petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Jennifer Gillece-Black, to release him from custody. The Warden moved to dismiss. Mr. Gray did not respond to the motion. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court considers a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when it appears beyond doubt that the petitioner can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Parker v. Russo*, 2019-Ohio-4420, ¶ 19, citing R.C. 2725.01. In general, a writ of

habeas corpus is only available "when the petitioner's maximum sentence has expired or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." *Jones v. Galloway*, 2026-Ohio-1250, ¶ 12. If the petition fails to state a claim, this Court should dismiss it. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).

{¶3} Mr. Gray's petition maintains that he was found guilty of aggravated murder and aggravated robbery and was sentenced to a prison term of forty years to life. He appears to argue that the trial court was required to obtain a waiver of the right to trial by jury under R.C. 2945.05 in connection with his guilty plea and failed to do so. As a result, he maintains, his conviction and sentence are void. The Warden moved to dismiss pursuant to Civ.R. 12(B)(6), arguing that the petition alleges a trial court error that could have been raised in an appeal from the judgment of conviction. The Warden also noted that Mr. Gray's maximum sentence has not expired, and, therefore, that he is not entitled to a writ of habeas corpus on that basis.

{¶4} A claim that the petitioner did not effectively waive the right to a jury trial is not cognizable in habeas corpus. *Parker* at ¶ 20. "[A]ny failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ." *Id*., quoting *State ex rel. Billings v. Friedland*, 88 Ohio St.3d 237, 238 (2000). Consequently, even assuming that a claim of failure to comply with R.C. 2945.05 can be raised in the context of a guilty plea – and considering all of the allegations in Mr. Gray's petition as true – his allegations are insufficient to warrant relief in habeas corpus. The Warden's motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Gray.

{¶5}    The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.


 

 

_____

JILL FLAGG LANZINGER
FOR THE COURT


SUTTON, J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOSEPH GRAY, Pro Se, Petitioner.

D. ANDREW WILSON, Attorney General, and STACEY M. ALPHONSE, Assistant Attorney General, for Respondents.